# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

ARTHUR MCKINNON,

    Plaintiff,

v.

TAMMY NIKULA, et al.,

    Defendant.

CASE NO. 3:20-CV-5367-BHS-DWC

ORDER

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently pending before the Court is Defendants' Motion for Summary Judgment (the "Motion"). Dkt. 57.

After a review of the relevant record, the Court cannot determine whether Plaintiff's claims are exhausted. Accordingly, the Court orders the parties to file supplemental briefing.

ORDER - 1

## I. Background

Plaintiff, an inmate housed at the Stafford Creek Corrections Center ("SCCC"), alleges Defendants violated his constitutional rights under the Eighth Amendment when Plaintiff was denied adequate medical treatment for his lower back pain. Dkt. 5.

In the Amended Complaint (hereinafter "Complaint"), Plaintiff named the following as Defendants: Corrections Officer Tammy Nikula, Medical Assistant Timothy Harder, Jeri Nagala, Nurse Damon Gordon, Facility Medical Director Ryan Herrington, Supervisor Kelly Sutera, Medical Provider Sasha Bangs, Grievance Coordinator Dennis Dahne, Secretary Stephen Sinclair, ADA Coordinators Melissa Rehak and Bob Schrieber, ADA Compliance Manager Rise Klemme, Heath Services Managers Keith Parris and Tim Taylor, Correctional Program Manager Gary Bouon, and unidentified individual with the last name of Henry. Dkt. 5.

On March 30, 2021, Defendants filed the Motion. Dkt. 57. As evidence, Defendants submit Plaintiff's prison records, medical records, and declarations of Defendant Herrington, Scott Light, Defendant Nikula, Carol Smith, and Dominga Soliz. Dkt. 58-62. Plaintiff did not file a Response and did not submit any evidence to the Court in rebuttal. However, his Complaint was signed under penalty of perjury and is being considered as evidence[1] *See* Dkt. 5. Defendants did not file a Reply. *See* Dkt.

---

[1] Because Plaintiff is *pro se*, the Court "must consider as evidence in his opposition to summary judgment all of [Plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [Plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

## II. Discussion

Defendants argue Plaintiff failed to exhaust administrative remedies available to him as to his Eighth Amendment claims. Dkt. 57. Plaintiff did not file a Response to Defendants' Motion and does not offer any explanation for his failure to exhaust his Eighth Amendment claims. *See* Dkt.

Before a prisoner may bring a civil rights action under 42 U.S.C. § 1983, he must first exhaust all available administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion in cases covered by § 1997e(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The mere fact a plaintiff has filed an initial grievance under a prison's grievance policy does not satisfy the PLRA exhaustion requirement; a plaintiff must exhaust *all* levels of an available grievance procedure before he can initiate litigation. *See id.* at 736-41; *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is still a prerequisite to suit. *Booth*, 532 U.S. at 741. If a claim is not exhausted, it must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Failure to exhaust administrative remedies is properly brought as a summary judgment motion. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Once the defendant proves there was an available administrative remedy and the offender failed to exhaust the available remedy, the burden shifts to the plaintiff. The plaintiff must show there was something about his particular claim which made the "existing and generally available administrative remedies effectively

unavailable to him." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)). Exhaustion is a threshold issue which "should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino v. Baca,* 747 F.3d 1162, 1170-71 (9th Cir. 2014).

"[A] defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process." *Brown v. Valoff,* 422 F.3d 926, 937 (9th Cir. 2005) (citing *Brown v. Croak,* 312 F.3d 109, 112 (3d Cir .2002) (holding that because failure to exhaust is an affirmative defense under the PLRA, a complaint cannot be dismissed where the prisoner submits evidence showing, and the defendants do not disprove, that no remedy was "available")). "Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case, such as in the response memoranda in these cases. With regard to the latter category of evidence, information provided the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."" *Valoff,* 422 F.3d at 937 (citing *Croak,* 312 F.3d at 113).

Here, Defendants' Motion argues Plaintiff completely ignored the grievance process and failed to name any Defendants in his grievances, but this statement is not supported by the record. *See* Dkt. 57 at 10-12. Although the actual grievance is not specifically cited to by Defendants in their Motion, based on the Court's own review of the record, on or about December 23, 2019, Plaintiff filed an initial grievance complaining of about his medical treatment for his

ORDER - 4

lower back pain, identifying his medical provider as Defendant Bangs, and complaining he received a Behavioral Observation Entry ("BOE") from Defendant Nikula regarding his kitchen job. Dkt. 61, Attachment B. This Offender Complaint was assigned Grievance Log I.D. Number 19693158 (hereinafter "Grievance No. 19693158"). *Id.*

Grievance Coordinator Defendant Dahne responded to the Grievance No. 19693158 informing Plaintiff he could only grieve one issue at a time per complaint,[2] BOEs are not grievable,[3] and he could only grieve issues that have happened within the past twenty business days. *Id.* Plaintiff was informed Grievance No. 19693158 was being returned because it was not a grievable issue. *Id.* On February 28, 2020, Plaintiff filed an appeal of Grievance No. 19693158.[4] *Id.* at ¶ 8, Attachment C. Defendant Dahne responded informing Plaintiff the complaint was not accepted, Plaintiff could not appeal to the next level. *Id.* Defendant Dahne informed Plaintiff if he disagreed with the decision, he could write the Grievance Program Manager and request a review. *Id.*

On March 9, 2020, Plaintiff wrote the Grievance Program Manager, Carol Smith, and appealed Grievance No. 19693158[5] regarding the denial of pain shots. *Id.* at ¶ 9. On March 26, 2020, Ms. Smith responded to Plaintiff and suggested he contact his healthcare provider to request an appeal through the DOC Care Review Committee ("CRC"). According to Ms. Smith, the Grievance/Resolution Program does not have the ability to change a clinical decision or force medical providers to administer medications. *Id.* at 9, Attachment D (best copy available).

---

[2] Plaintiff was informed he can grieve both medical and his counselor, but not in the same grievance. *Id.*
[3] BOEs have an appeal process and are not grievable in accordance with the Offender Grievance Program Manual. *Id.* at ¶ 7. Plaintiff appealed the BOE on March 28, 2020 and received a response on April 14, 2020. *Id.*
[4] Plaintiff identified an incorrect grievance number of 19693155. *Id.* at ¶ 8.
[5] Plaintiff again identified an incorrect grievance number of 19693155. *Id.* at ¶ 9.

Therefore, although Plaintiff's Grievance No. 19693158 was rejected for several administrative reasons, Defendants' argument that Plaintiff "completely ignored" the grievance process and failed to identify any individual Defendants in his grievances is not supported by the record. Moreover, Defendants' Motion only references one citation to the record on the issue of exhaustion, arguing Plaintiff "completely ignored the grievance process." *See* Dkt. 57 at 10-12 (citing Dkt. 61, Declaration of Carol Smith and Attachment A at page 14). Aside from this citation, in the Motion, Defendants do not set forth Department of Corrections procedures and policies which explain the scope of the administrative review process and filing of administrative grievances. Nor do they explain the proper procedure for non-grievable issues, untimely grievances, or grievances which set forth multiple issues. Defendants' reference to one citation in the record, which itself consists of more than 70 pages of evidence, fails to cite specific portions of the record to support their allegations. Rather, the one general citation requires the Court to sift through documents to find evidentiary support for Defendants position.

Defendants are raising exhaustion as an affirmative defense and are proceeding against an unrepresented litigant who may be limited in the resources to review evidence to determine if issues and evidence have been adequately presented to the Court. Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The defendant bears the burden of proving that an available administrative remedy was unexhausted by the inmate. *Albino*, 747 F.3d at 1172. Therefore, the Court will not conduct a further independent review of the record to determine the issues in this case or whether Plaintiff exhausted his administrative remedies. *See* Fed. R. Civ. P. 56(c)(3) (the court need consider only cited materials); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) ("The district court need not examine the entire

file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found.").

The Ninth Circuit and Supreme Court precedent allow the Court to *sua sponte* order supplemental briefing. *See Warren v. C.I.R.*, 282 F.3d 1119, 1120 (9th Cir. 2002); *United States Nat'l Bank v. Independent Ins. Agents of America, Inc.*, 508 U.S. 439, 445-48 (1993). In *Warren*, the Ninth Circuit explained:

> When judges ask for supplemental briefing on an issue, it does not mean, as the dissent mistakenly asserts, that they have decided to reach a particular result. The purpose of requesting briefing in this case is to obtain more information in order to make a more informed and reasoned decision about *whether* to address an issue and, if so, how the issue should be resolved. Information, speech, and truth do not hurt; they only shed light. That is a fundamental tenet not only of our judicial system but of our democracy.

*Warren,* 282 F.3d at 1120 (Judge Reinhardt, concurring).

Therefore, before issuing a recommendation on Defendants' Motion, the Court finds supplemental briefing is necessary to clarify and address whether Plaintiff's claims are exhausted, focusing on the issues identified in this Order. The Court will not consider arguments not pertinent to the issues of exhaustion raised herein. Any supplemental brief must contain citations to specific portions of the record. Unsupported statements, as well as attachments without any explanation as to whether or not they contain evidence will not be considered.

Defendants are directed to file a supplemental brief limited to seven pages regarding the issue of exhaustion by June 25, 2021. Defendants should discuss the following:

1. The proper procedures for non-grievable issues, untimely issues, and/or otherwise procedurally defective grievances, *see e.g. Woodford v. Ngo*, 548 U.S. 81 (2006) (administrative grievance does not satisfy the exhaustion requirement if it is denied as untimely);

2. Whether Plaintiff's appeal to Defendant Dahne and the Grievance Program Manager, Ms. Smith, adequately exhausted his claims;

3. Whether Plaintiff was required to name each individual Defendant in his grievances in order to properly exhaust his claims and to what extent this analysis is impacted by Plaintiff's identification of Defendants Bangs and Nikula in Grievance No. 19693158; and

4. Whether Plaintiff was required to exhaust his claims of ongoing inadequate medical treatment related to his pain management, *see e.g. Gomez v. Winslow,* 177 F.Supp.2d 977, 978–82 (N.D. Cal. 2001); *Mehari v. Cox,* 2009 WL 1405019, at *4 (E.D. Cal. May 19, 2009)).

Plaintiff may file a brief in response to Defendants' supplemental brief on or before July 2, 2021 and shall also be limited to seven pages. Defendants may file a reply brief on or before July 9, 2021. The parties are also free to submit additional evidence, in the form of affidavits or declarations or further evidence addressing whether Plaintiff exhausted his administrative remedies.

The Clerk is directed to re-note Defendants' Motion (Dkt. 57) for July 9, 2021.

Dated this 20th day of May, 2021.

David W. Christel
United States Magistrate Judge

ORDER - 8